Williams, J.
 

 In the case of
 
 Wilson
 
 v.
 
 City of Zanesville,
 
 130 Ohio St., 286, 199 N. E., 187, this court upheld the validity of a municipal ordinance of the city of Zanesville, which required the closing of barber shops before eight o’clock a. m. and after six o’clock p. m. on Monday, Tuesday, Wednesday and Friday, before eight o’clock a. m. and after twelve o’clock noon on Thursday, and before eight o ’clock a. m. and after eight o’clock p. m. on Saturday and days (other than Sunday) prior to certain named holidays, upon the theory that the ordinance was not unreasonable, had a real and substantial relation to public health, morals
 
 *450
 
 and safety, was a valid exercise of police power and was constitutional.
 

 The decision was grounded in the main upon the case of
 
 Nebbia
 
 v.
 
 New York,
 
 291 U. S., 502, 78 L. Ed., 940, 54 S. Ct., 505, which gives an advanced interpretation of police power.
 

 This court has now before it an ordinance which makes it unlawful to maintain and operate a retail food and grocery establishment, open to the public for business except as between the hours of 7 a. m. and 7:30 p. m. on Monday, Tuesday, Wednesday, Thursday and Friday with provision that when any of these days precede a holiday such establishment may be open on such preceding day, between the hours of 7 a. m. and 9 p. m. There is a further provision that on Saturday the store may be open from 7 a. m. to 9 p. m. and that under certain circumstances it may be open on Sunday.
 

 The ordinance also provides that the stores shall not be open on certain holidays except in cases of necessity and charity. The ordinance, however, does not require closing of the store as to the sale of products other than food and groceries where such other products are customarily sold there.
 

 In the
 
 Zcmesville case
 
 this court had before it among other considerations, the elements of morals and safety, both of which were of controlling importance in determining the application of the doctrine of the police power therein; certainly, in the instant case these considerations are of no controlling significance. This court will therefore only consider the ordinance challenged in its relation to the public health and general welfare.
 

 It is important to keep in mind certain fundamental differences between a barber shop and a retail grocery store. The barber shop is a place where services rendered are of a personal nature. The cutting and shampooing of the hair and the shaving and massage of the
 
 *451
 
 face are the most common. All of these are performed in the home, some measurably, others extensively. They are not absolute essentials. On the contrary, places for distribution of foodstuffs are wholly necessary in order to furnish daily nourishment to the masses of our people. Wisely, laws have been enacted to assure the purity and wholesomeness of food; but the limitation of hours that products of that kind may be sold by retail to the public seems to be of minor consideration in relation to the public health in comparison with the necessity of having food available at the time it may be required to supply pressing human want. Food is vital to health, and even to life itself. Its need for nourishment to sick and well, to adult and child, is quite as pressing a consideration from a health standpoint, as that which requires that food be retailed in stores under conditions which are consonant with proper requirements of sanitation. All the authorities seem to be in accord with the proposition that the police power does not extend to the limitation of hours within which retail stores, selling either groceries or other commodities or both, may be kept open to customers. Every business has some relation to the general welfare, because there is none which is operated to supply consumers generally that does not have some public aspect; but the regulation thereof is not within the police power unless the relation to the public interest and the common good is substantial and the terms of the law or ordinance are reasonable and not arbitrary in character. The exercise of the police power is inherent in government and essential to its existence and inevitably comes into conflict with the constitutional guaranties of the right of property and liberty of contract. In each case presented the court must draw the line of demarcation. Courts do not attempt to define police power with exactness, and inevitably the individual case must -stand upon its own footing.
 

 
 *452
 
 This court cannot protect the rights of property and liberty of contract if it allows the passage of an ordinance of the character involved here. Constitutional rights cannot be frittered away little by little until the substance is gone and only the shadow remains. Such a regulation would open the way to the extension of government regulation and control to businesses of all kinds and could only result in restrictions on the right of private property and liberty of contract contrary to the principles of constitutional government as they have been interpreted by the courts of the states and nation from the inception of free government in America. If the people, in the exercise of their sovereign power, desire to permit business to be regulated by law to such a degree, the only way to accomplish that end is by amendment to the federal and state constitutions.
 

 This ordinance has no substantial relation to public health, safety, morals or general welfare, and is in contravention of the due process clause of the Fourteenth Amendment of the United States Constitution and the due course of law clause of Article I, Section 16 of the Constitution of Ohio.
 

 It remains to consider only the question whether injunction will lie to prevent the enforcement of an unconstitutional ordinance. It is a general rule that it will not; but, of course, such a remedy is governed by the principles of equity jurisprudence. Equitable relief is never granted where there is an adequate remedy at law. Ordinarily full protection is afforded by defending a prosecution for violation of a penal ordinance. However, there is a well recognized exception which is supported by the great weight of authority; where the enforcement of a clearly unconstitutional law or ordinance will infringe property rights and work an irreparable injury to one’s business equity will give proper relief by injunction.
 
 Dobbins
 
 v.
 
 Los Angeles,
 
 195 U. S., 223, 49 L. Ed., 169, 25 S. Ct., 18;
 
 Traux
 
 v.
 
 Raich,
 
 239 U. S., 33, 60 L. Ed., 131, 36 S. Ct., 7;
 
 Terrace
 
 v.
 
 Thompson,
 
 
 *453
 
 263 U. S., 197, 68 L. Ed., 255, 44 S. Ct., 15;
 
 Fenner
 
 v.
 
 Boykin,
 
 271 U. S., 240, 70 L. Ed., 927, 46 S. Ct., 492. Many cases are collected in 14 Buling Case Law, “Injunctions,” Section 136 and footnotes. We also call attention to
 
 State
 
 v.
 
 City of Newark,
 
 57 Ohio St., 430, 49 N. E., 407;
 
 Castle
 
 v.
 
 Mason,
 
 91 Ohio St., 296, 110 N. E., 463. An interesting discussion may be found in 21 Ohio Jurisprudence, “Injunctions,” Sections 165, 166.
 

 In the instant case the threatened injury resulting from an enforcement of the ordinance would inevitably cause the impairment of plaintiff’s property rights and irreparable injury to her business, for which she has no adequate remedy at law.
 

 The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Day-and Zimmerman, JJ., concur.
 

 Jones and Matthias, JJ., concur in the judgment.