## GOOD LUCK FOOD STORES, INC v EAST CLEVELAND (city) et

Ohio Common Pleas, Cuyahoga Co

Decided Jan 14, 1938

Thomas F. Ferris, Cleveland, for plaintiff.
E. A. Binyon, Cleveland, for defendant.

#### OPINION

By MERRICK, J.

This is an action brought to temporarily restrain the executives and police of the city of East Cleveland from enforcing §13044, GC. so far as it may regulate the plaintiff, pending final review of a conviction against an employee of plaintiff heretofore had thereunder.

This court recognizes the long line of cases supporting the equitable theory that court's have no power to enjoin the proper authorities from enforcing penal or regulatory statutes. However, the well recognized exception to the general rule, supported by the great weight of authority, is that where there is no adequate remedy at law, or where some irreparable injury will be occasioned by the acts of a public officer by virtue of enforcement of some alleged unconstitutional law or ordinance, courts of equity will take jurisdiction and issue an injunction to restrain the commission of the act complained of.

By the weight of the authorities injunction is granted in some cases against the enforcement of statutes claimed to be illegal until the determination of this issue, where by maintaining the status quo comparatively small damage will be done, whereas by allowing the officers to enforce the statute irreparable injury would result to property rights. Often relief against the enforcement of unconstitutional statutes has been based upon the fact that the enforcement of the statute will not only interfere with property rights but will result in a multiplicity of suits.

There is one difficult question presented in the instant case. Does the selling and offering for sale to the public, groceries, vegetables and meats on Sunday constitute a "work of necessity" as set forth in §13045, GC? If so, the criminal prosecution under §13044, GC, of a person so engaged should fail. Such a prosecution was had against an employee of the plaintiff herein and is now awaiting review in our local courts. Plaintiff now asks a temporary order, restraining further attempted enforcement of §13044, GC.

These sections of the code are included in a chapter, entitled "Sabbath Desecration." It is interesting to note that another section in this chapter enumerates some of the sports, amusements or pastimes prohibited on Sunday. This court repeats some of them:

Theatrical performances; morning baseball; morning motion pictures and beer resorts. Following the repeal of the 18th Federal Amendment the Ohio Legislature was apparently in such a rush to legalize beer and its sale on seven days of the week that it neglected to strike out of the "Sabbath Desecration" chapter the prohibition against selling beer on Sunday. In all probability the special legislation authorizing beer sales on Sunday under license supercedes the requirements against general operation of beer halls on Sunday as provided in §13049, GC.

This court is not attempting to defend or attack the propriety of so-called "Blue-Laws." This is a question for the legislature and for it alone. If these be foolish laws they should be repealed; if not they should be enforced. Such enforcement should be genuine and in good faith and of equal operation against all. The police should not single out one merchant for prosecution and close an eye as to the others. Experience illustrated that in many municipalities places are being operated on Sunday that are not at all considered under the necessity or charity-exemption set forth in §13045, GC. What of the gas station that sells gasoline, oil, tires, accessories, soft drinks, repairs and mechanical service? What of the so-called drug store that sells hardware, electrical supplies, candy, books, cigars, cigarettes, magazines, groceries, dry-

goods, toys, general merchandise and occasionally some drugs? What of the eating places, taverns, barbecue stands, delicatessens and restaurants that sell cooked foodstuffs, candy, canned goods, cigarettes and cigars? All this is a problem for the legislature and the enforcement authorities.

Until 1936 when the Ohio Supreme Court handed down its decision in Olds v Klotz, 131 Oh St 447, 6 O.O. 129, there was no decision of our highest state court on this question. Reviewing courts of lesser jurisdiction and trial courts, have variously interpreted the application of these statutes as they affect trades and business places open on Sunday. Until the decision in the Olds v Klotz case the trend seemed to be against an invocation of the equity powers of a court to restrain an enforcement of these laws.

It seems to this court that the Olds v Klotz case has application to the case at issue. That was a case where an ordinance prohibiting food sales at late hours and on Sunday was held to be in contravention of the due process clause of the Fourteenth Amendment to the Federal Constitution and the due course of law provision of Article I, §16 of the Constitution of Ohio.

The Olds v Klotz case likewise determined that equity should grant relief through injunction, and affirmed the trial court in granting that relief.

It seems to this court that Judge Williams in the language of his opinion in the Olds v Klotz case definitely placed places for distribution of foodstuffs squarely within the "necessity" exemption clause contained in §13045, GC. Four other judges of our Supreme Court concurred in that opinion and all judges of the court concurred in the judgment. I quote from that opinion:

"* * * On the contrary, places for distribution of foodstuffs are wholly necessary in order to furnish daily nourishment to the masses of our people. Wisely, laws have been enacted to assure the purity and wholesomeness of food; but the liimtation of hours that products of that kind may be sold by retail to the public seems to be of minor consideration in relation to the public health in comparison with the necessity of having food available at the time it may be required to supply pressing human want. Food is vital to health, and even to life itself. Its need for nourishment to sick and well, to adult and child, is quite as pressing a consideration from a health standpoint, as that which requires that food be retained in stores under conditions which are consonant with proper requirements of sanitation.

"* * *

"This court cannot protect the rights of property and liberty of contract if it allows the passage of an ordinance of the character involved here. Constitutional rights cannot be frittered away little by little until the substance is gone and only the shadow remains. Such a regulation would open the way to the extension of government regulation and control to businesses of all kinds and could only result in restrictions on the right of private property and liberty of contract contrary to the principles of constitutional government as they have been interpreted by the courts of the states and nation from the inception of free government in America. If the people, in the exercise of their sovereign power, desire to permit business to be regulated by law to such a degree, the only way to accomplish that end is by amendment of the federal and state constitutions.

"This ordinance has no substantial relation to public health, safety, morals or general welfare, and is in contravention of the due process clause of the Fourteenth Amendment of the United States Constitution and the due course of law clause of Article I, §16 of the Constitution of Ohio.

"It remains to consider only the question whether injunction will lie to prevent the enforcement of an unconstitutional ordinance. It is a general rule that it will not; but, of course, such a remedy is governed by the principles of equity jurisprudence. Equitable relief is never granted where there is an adequate remedy at law. Ordinarily full protection is afforded by defending a prosecution for violation of a penal ordinance. However, there is a well recognized exception which is supported by the great weight of authority; where the enforcement of a clearly unconstitutional law or ordinance will infringe property rights and work an irreparable injury to one's business equity will give proper relief by injunction.

"* * *

"In the instant case the threatened injury resulting from an enforcement of the ordinance would inevitably cause the impairment of plaintiff's property rights and irreparable injury to her business, for which she has no adequate remedy at law."

This court is inclined toward the logic and reasoning contained in the judgment

and opinion of the case of Olds v Klotz. It appears to be applicable in the instant case. Until the criminal prosecution referred to in plaintiff's petition ▮▮▮▮ can be properly reviewed by our court of last resort further prosecutions of the plaintiff or his employees under §13044, GC, should be restrained. This will work no hardship on the citizens of the city of East Cleveland. All persons interested should be concerned with and anxious for a final determination of this question. No person will be caused property damage or other injury if these prosecutions are stayed for a few months.

The prayer for a temporary restraining order is granted as prayed.