*465
 
 Williams, J.
 

 The demurrer raises the question of the right of plaintiff to an injunction to restrain criminal prosecutions for conducting “hank night” in its theater. The plaintiff maintains it is entitled to injunctive relief on the facts alleged in the petition for two reasons: (1) “Bank night” as carried on prior to the commencement of its injunction suit is lawful and not a lottery or scheme of chance within the meaning of Sections 13063 and 13064, General Code, which make the selling of tickets in, and the promoting of, schemes of chance punishable by fine or imprisonment, or both; and (2) the acts of the defendants causing civil and criminal actions to be instituted against plaintiff and its manager amount to vexatious litigation.
 

 It is a general rule that a court of equity will not interfere by injunction to prevent the enforcement of criminal statutes at the instance of an alleged law violator. 1 High on Injunctions (4 Ed.), 85, Section 68. The legitimate place for the trial of criminal cases is in the courts established for that purpose and courts of equity will not oust the proper forum by drawing to themselves litigation which will prevent criminal courts from exercising their jurisdiction. So long as the defense which may be made in impending criminal prosecution is adequate to protect the rights of the accused, equitable relief by injunction is not available to him.
 

 This principle has found especial application in actions to enjoin prosecution for violation of penal laws prohibiting lotteries and schemes of chance.
 
 Meadville Park Theatre Corp.
 
 v.
 
 Mook,
 
 337 Pa., 21, 10 A. (2d), 437;
 
 Harvie
 
 v.
 
 Heise, Sheriff,
 
 50 S. C., 277, 148 S. E., 66;
 
 Barkley, Dist. Atty.,
 
 v.
 
 Conklin
 
 (Tex. Civ. App.), 101 S. W. (2d), 405;
 
 Earhart
 
 v.
 
 Young, Sheriff,
 
 174 Tenn., 198, 124 S. W. (2d), 693;
 
 Wellston Kennel Club
 
 v.
 
 Castlen, Pros. Atty.,
 
 331 Mo., 798, 55 S. W. (2d), 288. In each of the cases cited injunction was denied.
 

 
 *466
 
 In this jurisdiction an exception to the general rule is recognized in those cases in which public authorities or private persons seek to enforce unconstitutional and invalid legislation whereby vested property rights will be interfered with to the extent of causing irreparable injury for which there is no adequate remedy at law.
 
 Olds
 
 v.
 
 Klotz,
 
 131 Ohio St., 447, 3 N. E. (2d), 371.
 

 The plaintiff makes no claim that the statutes forbidding lotteries and schemes of chance are unconstitutional and void; nor do the facts pleaded show that vested property rights would be unlawfully interfered with.
 

 What is the rule with respect to enjoining prosecution under a valid statute on the ground that the litigation is instituted for the sole purpose of harassing and vexing a person?
 

 By token of what has been previously stated property rights will be protected by injunction against vexatious litigation arising from prosecutions under an invalid criminal statute. If injunction lies against one prosecution,
 
 a fortiori,
 
 like remedy will lie against repeated prosecutions. But where the criminal statute is valid, injunction will not lie against prosecutions merely on the ground that they are vexatious. A multiplicity of prosecutions does not of itself warrant interference in equity, nor does the threat of repeated prosecutions.
 
 Sullivan
 
 v.
 
 San Francisco Gas & Electric Co.,
 
 148 Cal., 368, 83 P., 156;
 
 City of Douglas
 
 v.
 
 South Georgia Grocery Co.,
 
 178 Ga., 657, 174 S. E., 127. Moreover insolvency of a party instigating prosecution will never warrant the interposition of equity to restrain the administration of criminal justice. But insolvency may be of makeweight importance when other elements coupled with such financial inability justify relief as against harassing prosecutions under a void law. See 28 American Jurisprudence, 255, Section 58, and Walsh on Equity, 318, Section 63.
 

 As long as the criminal statute, under which the
 
 *467
 
 prosecutions are instituted are enforcible, the protection of personal rights lies in the guaranties surrounding the defense of an accused person and in his action at law for damages for wrongful prosecution, arrest or imprisonment.
 
 Sullivan
 
 v.
 
 San Francisco Gas & Electric Co., supra.
 
 See, also, 14 A. L. R., annotation, pages 296 and 300. Even an innocent person thus finds protection in the normal processes of the courts, without the intervention of chancery. At any rate the allegations of the petition herein do not show harassment which warrants the granting of an injunction. It does not even appear from the pleading that a single criminal prosecution has been carried to a conclusion on the merits.
 

 The guilt or innocence of the plaintiff, its officers and agents, in connection with the operation of “bank night ’ ’ cannot be determined in this action. The plaintiff and those acting in its behalf must await a test in the criminal courts since the facts alleged in the petition do not warrant chancery in stepping in to prevent the administration of criminal justice in the ordinary and usual way.
 

 Solely for the reason that the remedy by injunction will not lie, this court holds that the Court of Appeals did not err in sustaining the demurrer, dissolving the restraining order and dismissing the petition.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Turner, Matthias and Hart, JJ., concur.