**FISCO, Plaintiff-Appellee, v. EAST CLEVELAND (City), Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21742.   Decided December 26, 1950.

J. B. Dworken, Cleveland, for plaintiff-appellee.
A. E. Griffith, Cleveland, for defendant-appellant.

## OPINION

By McNAMEE, J:

Plaintiff is the owner of a parcel of land located at the southwest corner of Euclid Avenue and Brightwood Avenue in the City of East Cleveland. The property has a frontage of ninety-four feet on Euclid and a depth of one hundred sixty seven feet. Two dwelling houses are situated on the Euclid Avenue frontage. Five garages are located in the rear with a driveway entrance thereto on Brightwood Avenue. A few of the rooms in one of the houses are used as offices for the A. A. A. Electric Sewer Cleaning Company which is owned and operated by plaintiff's husband and son. The remaining rooms in both houses are rented to roomers.

The premises are in a section of East Cleveland situated within the U-3 or retail business district of the zoning ordinance of the city. The ordinance expressly permits the use

of property in such district for "retail business" and for an "office." The zoning ordinance also provides that "an accessory use customarily incidental to a Class U-3 use shall be permitted in a Class U-3 District." Section 18 directs that the ordinance shall be enforced by the building inspector of the city. Section 24 of the ordinance provides for a fine "of not to exceed $500.00" for violation of its terms.

For about twelve years prior to the commencement of this suit in Common Pleas Court, plaintiff and her family conducted the business affairs of the Sewer Cleaning Company from the office located upon the premises. The actual work of cleaning sewers is done upon the properties of various customers of the company. The Sewer Cleaning Company serves the needs of its customers through the use of ten panel trucks in each of which there is kept, at all times while not in use, the sewer cleaning equipment used by the company.

Some time prior to February, 1949, the city established a bus stop and safety zone at the southwest corner of Euclid and Brightwood thereby removing the parking facilities theretofore available on the street in front of plaintiff's property. In February, 1949, plaintiff applied for and obtained a permit to cut the curbing on Euclid Avenue to provide a driveway entrance for vehicles to the front portion of the premises. In March, 1949, plaintiff secured a permit to excavate the premises and immediately thereafter, at a cost of about $2,000.00, she constructed a parking area between the sidewalk and the front of the two houses facing Euclid Avenue. The parking area has a depth of 36 feet and extends across the major portion of Euclid Avenue frontage. The parking area was used by plaintiff, her tenants and customers and by the Sewer Cleaning Company itself for "off the street" parking.

The city raised no objection to the use of the parking space during the business hours of the day, but the building inspector notified plaintiff that the parking of trucks thereon at night would be considered a violation of the ordinance for which plaintiff would be subject to arrest and prosecution. Asserting that the parking of trucks at night was an authorized accessory use, plaintiff appealed to the Zoning Board of Appeals for an interpretation of the ordinance that would permit the parking of trucks at night. The Zoning Board of Appeals, however, upheld the building inspector's construction of the ordinance and denied plaintiff's appeal. Plaintiff then instituted suit in Common Pleas Court to enjoin the defendant officials from enforcing the penal provisions of the ordinance against her for parking trucks at night upon the area in question.

Plaintiff makes no attack upon the constitutionality of the ordinance. She concedes it to be a valid enactment. Her sole claim is that the building inspector's construction of the ordinance is arbitrary and unreasonable and unlawfully deprives her of a use of the property which she claims is an accessory use as defined by the ordinance.

The answer filed by defendants in Common Pleas Court sought no affirmative relief; it contains a general denial plus an averment that plaintiff's present and proposed use of the premises is permissible only in a Class U-4 district. The Class U-4 section of the ordinance inter-alia permits "storage in bulk or a warehouse for such materials as contractor's equipment * * *." In support of this latter averment, defendants in Common Pleas Court introduced evidence disclosing that in addition to operating an office on the premises, plaintiff also stored supplies and materials such as sand, gravel, pipe, etc., in the basement, under the porch of one of the houses and in the garages at the rear of the premises. The Common Pleas Court made no determination whether the storage of these supplies and materials constituted a violation of the ordinance holding that the sole issue "concerns the construction of the zoning ordinance as applied to the parking of these trucks."

The trial court granted an injunction restraining the defendants—

"from in any way interfering with or prohibiting the plaintiff, her tenants, customers and others from using the parking area located upon plaintiff's property as described in the petition, for the parking of their automobiles, trucks and other motor vehicles at any and all times which said plaintiff may choose."

As evidenced by its memorandum opinion, the trial court adopted the view that in the granting of the permits to construct the parking area the city impliedly recognized plaintiff's right to use it at all times. Trial Court said—

"The City of East Cleveland acquiesced in the parking of these trucks upon this parking space during the day time and their only objection is to the use of the parking space during the evening. It therefore appears to the Court that the City of East Cleveland by its officers have construed this ordinance and have held that it does not apply to the parking of these trucks in the day time or in the night time."

In addition to appealing upon questions of law and fact from the judgment rendered by the Common Pleas Court, the defendants filed a cross-petition in this Court, in which for the first time they pray for an injunction restraining plain-.

tiff from using the premises for the purpose of conducting a sewer cleaning business. The issues raised by defendants' cross-petition cannot be considered in this appeal. It is firmly settled that an appellate court cannot hear and determine upon appeal, a cause of action which was not tried in the court of original jurisdiction. **Barnes v. Christy, 102 Oh St 160.** The governing principle is stated in **2 O. Jur. Rev. 973** as follows:

"The general rule against allowing amendments which introduce new and different causes of action applies with especial force to amendments offered in the appellate court, since it is manifestly improper that a case which could not originate in the appellate court should, without having been heard below, be brought before it under guise of such an appeal from the judgment in a case founded upon an entirely different cause of action."

The defendants' cross-petition is therefore dismissed.

In determining the issues raised by the record in this appeal, we inquire first as to the circumstances in which a court of equity has jurisdiction to stay the hand of the Executive Branch of the government in the enforcement of the penal provisions of a valid ordinance. Generally, a court of equity will not interfere with the enforcement of criminal laws by restraining the duly constituted authorities. **28 Amer. Juris. 413, Sec. 233; 21 O. Jur. 1231, Sec. 157.**

An exception to this general rule that is recognized by the courts is noted in **21 O. Jur. 1234, Sec. 159** as follows:

"The general rule that equity will not interfere by injunction to restrain criminal proceedings is not without exceptions and modifications. One exception is that when property rights will otherwise be destroyed, an unlawful interference by criminal proceedings under a void law or ordinance may be restrained or controlled by a court of equity."

The same authority expresses the view that—

"It has been said that the overwhelming weight of authority is against the right of equity to enjoin criminal proceedings under a valid statute, even though property interests are involved." **21 O. Jur. 1235, Sec. 159.**

It has been held in other jurisdictions that where prosecution is threatened under a misapplication of a valid law with consequent injury to property rights, courts of equity will intervene by use of the injunctive process. **28 Amer. Juris. 217-18, Sec. 235,** and cases there cited.

It is axiomatic that a duly enacted law or ordinance is presumed to be valid and will not be declared unconstitutional in the absence of a showing that the provisions thereof are plainly and manifestly repugnant to the Constitution. **It**

is the undeviating policy of courts therefore to resolve all doubts in favor of the validity of a law or ordinance under attack. Even though injury to property rights is threatened, courts of equity will not interfere to prevent criminal proceedings under a law or ordinance alleged to be void unless its invalidity is clearly demonstrated. The same basic principles govern where the interposition of equity is sought to restrain criminal proceedings under a valid ordinance upon the claim that the prosecuting officials have misconstrued its provisions. In such cases before equity will intervene it must be clearly shown that the prosecuting officials' interpretation of the law is clearly erroneous. All doubts will be resolved in favor of the correctness of the construction of the ordinance by the officials charged with its enforcement. Courts will not encroach upon the duties and prerogatives of other co-ordinate branches of the government. Where a law or ordinance is declared to be void it is because the legislative branch of the government has transcended its powers. Upon like reason, a court of equity will not intervene to prevent criminal proceedings under a valid ordinance except where it is shown beyond doubt that the duly constituted public officials are about to transcend the powers conferred upon them by law. It is only where a threatened usurpation of power is shown that equity will act to prevent injury to property rights by criminal proceedings under a valid ordinance.

Plaintiff concedes the validity of the zoning ordinance. Her claim that the building commissioner and zoning board of appeals have arbitrarily misconstrued the terms of the zoning ordinance rests upon the contention that the parking of trucks at night upon the area in question is a permissible accessory use under the Class U-3 provisions of the ordinance. In order to prevail, the burden is upon plaintiff to establish that the parking of trucks upon the area at night is a use "customarily incidental" to a principal U-3 use. In addition she must show that a denial of such claimed accessory use will result in irreparable damage and that she has no adequate remedy at law.

We are in disagreement with the view that the City of East Cleveland through its officers, construed the ordinance not to apply to parking of plaintiff's trucks "in the day time or in the night time." It appears from the record that in granting the necessary permits to construct the parking space the city officials proceeded upon the evident assumption that plaintiff's principal use of the property was a lawful one. It is also fairly to be inferred that by acquiescing in the use of the parking area during the day time and prohibiting the parking of trucks thereon at night the building inspector and

zoning board of appeals so construed the ordinance as to hold it applicable to the use of the parking area in question.

We are not convinced that the construction placed upon the ordinance by the city officials is arbitrary nor can we say that a distinction between "parking" during business hours and storing trucks on the premises at night, is not founded upon reason.

The Court of Appeals of New York in the case of Monument Garage Co. v. Levy, 266 N. Y. 339, noted the distinction between "parking" and "storage" as follows:

" 'Storage' connotes a certain degree of permanency whereas 'parking,' or a place for the standing of a vehicle unattended by a person capable of operating it, connotes 'transcience.' "

Parking during the day permits the sewer cleaning company to bring its trucks upon the area when necessary for the proper and efficient conduct of its business. This advantage compensates adequately for the loss of parking facilities on Euclid Avenue occasioned by the establishment of a bus stop and a safety zone. However, the right to park trucks at night on the area includes more than the privilege of temporary parking of vehicles as an incident to the proper operation of plaintiff's business. The unrestricted right to park trucks in the area at night would permit the sewer cleaning company to use the parking space as a place for the overnight storage of its trucks and the sewer cleaning equipment kept therein. It would grant to plaintiff and the sewer cleaning company the right to use the parking area as an "out-door garage" for its fleet of trucks all night, every night, and at all other times.

In the absence of evidence on the subject we cannot say that such a use is either customary or incidental to a Class U-3 use of the premises. We are not unmindful of the fact that the sewer cleaning company receives emergency calls at night. While this circumstance might warrant the use of a parking area at night by trucks engaged in rendering emergency service it does not require that all of the company's trucks be stored on the parking area at all times.

Reasonable men may differ with the building inspector and the zoning board of appeals in their construction of the ordinance. However, doubt as to the validity of such construction is not sufficient warrant for the issuance of an injunction against criminal proceedings under a valid ordinance. Plaintiff has an adequate remedy at law in her defense to a criminal action in which she may demand trial by jury.

Being required to dismiss defendant's cross-petition we make no determination whether plaintiff is violating the ordi-

nance by storing materials and supplies in the residence and in the garage at the rear of the premises. As we view it, this issue is not presented by the record on appeal. Nor would a determination of such issue effect plaintiff's rights to use the parking area. Whether the sewer cleaning company is restricted to the use of the premises as an "office" or the storage of materials and supplies be considered a permissible use for a retail service business is immaterial on the issue of parking. In either event, plaintiff will continue to possess such rights in the parking area as are within the uses "customary and incidental" to an authorized principal Class U-3 use.

A Decree may be entered for the defendants. Order see journal. Exc.

SKEEL, PJ, HURD, J, concur.