MORTON, D. B. A. MORTON TRUCKING CO., APPELLEE, *v.* KEYS ET AL., APPELLANTS.

(No. 366—Decided November 3, 1961.)

*Messrs. Flynn, Py & Kruse,* for appellee.

*Mr. Mark McElroy,* attorney general, and *Mr. Richard F. Swope,* for appellants.

*Per Curiam.* If this court were required to determine whether the vehicles operated by petitioner came within the prohibition of the statute herein involved it might arrive at the same conclusions as did the trial court. However, the ultimate relief which plaintiff seeks by way of declaratory judgment is to prevent the defendants or their agents from prosecuting the plaintiff and imposing upon him or his drivers the criminal penalty arising from a violation of the statute. Plaintiff does not claim that the statute is in any manner either invalid or unconstitutional, nor does he claim an interference with property rights by seizure of his vehicles.

We are of the opinion that, under these circumstances, the trial court did not have jurisdiction to render a declaratory judgment to determine whether the operation of his vehicles violated the penal statute. 26 Corpus Juris Secundum, 111 *et seq.,* Declaratory Judgments, Section 33; 16 Ohio Jurisprudence (2d), 652 *et seq.,* Declaratory Judgments, Section 19; *Westerhaus Co.* v. *City of Cincinnati,* 165 Ohio St., 327; *Benjamin* v. *City of Columbus,* 167 Ohio St., 103; *Zepp* v. *City of Columbus,* 66 Ohio Law Abs., 4 and 14; *Veterans of Foreign Wars* v. *Sweeney, Sheriff,* 64 Ohio Law Abs., 277 and 288. We also observe that the Supreme Court has usually declined to restrain a criminal prosecution on the theory that personal rights will be adequately protected "in the guaranties surrounding the defense of an accused and in his action at law for damages for wrongful prosecution, arrest or imprisonment." *Troy Amusement Co.* v. *Attenweiler,* 137 Ohio St., 460. See, also, *Fisco* v. *City of East Cleveland,* 59 Ohio Law Abs., 385.

For these reasons the judgment of the Court of Common Pleas is reversed and vacated and the cause is remanded to the Court of Common Pleas with instructions to dismiss the plaintiff's petition.

*Judgment reversed.*

GUERNSEY, P. J., MIDDLETON and YOUNGER, JJ., concur.