Plaintiff Monica Hansen Klaas has appealed from an order of the Wayne County Common Pleas Court that granted Defendant the Wayne County Prosecutor's motion for summary judgment. She has argued that: (1) the trial court incorrectly granted defendant summary judgment instead of granting her summary judgment; (2) the trial court incorrectly deprived her of due process when it granted defendant summary judgment without providing her an opportunity to respond to defendant's motion; (3) the trial court's decision that she breached the non-prosecution agreement was against the manifest weight of the evidence; (4) the trial court incorrectly interpreted the non-prosecution agreement; (5) the trial court incorrectly received hearsay statements into evidence.[1] This court affirms the decision of the trial court because plaintiff had an adequate remedy at law.
 I.
On August 21, 1997, plaintiff entered into a non-prosecution agreement with the Wayne County Prosecutor. Pursuant to that agreement, she promised to provide "information regarding charges of obstructing justice involving a 'well placed public official.' " In return, the prosecutor promised that no criminal charges for obstructing justice would be brought against her, so long as she cooperated with the investigating officers. Specifically, she agreed to:
 participate in debriefing, provide statements, [provide] recorded statements, [provide] written statements, and assist in meeting with and securing evidence against others by means of controlled meetings, employ electronic surveillance, and assist in phone traps, and provide truthful testimony.
The agreement included a provision that warned plaintiff that, if she provided any deceptive information, she would be subject to prosecution for perjury or other related offenses.
On October 22, 1997, plaintiff was indicted on one count of obstructing justice, a violation of Section 2921.32 of the Ohio Revised Code. On November 12, 1997, plaintiff commenced this action in the Wayne County Common Pleas Court, seeking a permanent injunction to prevent prosecution of her by the Wayne County Prosecutor. She also moved, in the criminal case, for dismissal of the indictment. On January 14, 1998, she moved the trial court for summary judgment in the civil action. On January 30, 1998, the Wayne County Prosecutor moved for summary judgment in his favor in the civil case. At a hearing on February 6, 1998, the trial court overruled plaintiff's motion to dismiss the indictment in the criminal case. In a February 12, 1998, journal entry, the trial court determined that plaintiff had an adequate remedy at law and, therefore, granted the Wayne County Prosecutor's motion for summary judgment. Plaintiff timely appealed to this court.
 II. A.
Plaintiff's first assignment of error is that the trial court incorrectly granted the Wayne County Prosecutor summary judgment instead of granting her summary judgment. She has argued that injunctive relief was appropriate to enforce the non-prosecution agreement and, further, that viewing the evidence in a light most favorable to her, she was entitled to judgment as a matter of law. In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App.3d 826, 829.
Because an injunction is an extraordinary remedy, it is only available when there is no adequate remedy at law. Garono v.State (1988), 37 Ohio St.3d 171, 173. As a general rule, injunctions will not be granted to prevent enforcement of valid criminal statutes. Troy Amusement Co. v. Attenweiler (1940),137 Ohio St. 460, 465. This is especially true when a defense may be made in the impending criminal prosecution to protect the rights of the accused. Id.
The basis of plaintiff's argument is that she should not have been indicted for obstruction of justice. She has argued that the Wayne County Prosecutor breached the non-prosecution agreement by seeking an indictment. Plaintiff has contended that she did not have an adequate forum in which to protect her rights, therefore, she had no adequate remedy at law. She has argued that she had no way to stop the prosecution other than by seeking injunctive relief.
As the trial court correctly held, plaintiff did have an adequate remedy at law. Plaintiff, by defending herself in the criminal action, had an opportunity to address the validity of the non-prosecution agreement. In fact, plaintiff availed herself of that remedy by moving the court in the criminal case to dismiss the indictment based on the same issues raised in her complaint for injunctive relief. The fact that plaintiff's motion to dismiss was overruled does not leave her without an adequate remedy at law. If she is convicted of obstruction of justice, she can raise the issue on appeal. Plaintiff's first assignment of error is overruled.
 B.
Based on this Court's determination that an injunction is not an appropriate remedy to prevent a criminal prosecution, plaintiff's remaining assignments of error are moot. See Rule 12(A)(1)(c) of the Ohio Rules of Appellate Procedure. Plaintiff's remaining assignments of error are overruled.
 III.
Plaintiff's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Wayne, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 -------------------- CLAIR E. DICKINSON FOR THE COURT
BAIRD, P. J., CARR, J., CONCUR
[1] Defendant's assignments of error have been rearranged for ease of discussion.