I must respectfully dissent as I feel the trial court properly dismissed the declaratory judgment, albeit for different reasons than that articulated by the trial court.
As stated by the Tenth District Court of Appeals in Help the Childrenv. Dept. of Liquor Control (Jan. 11, 1996), Franklin App. No. 95APE06-802, unreported:
 Three elements are necessary prerequisites to a declaratory judgment action. First, a real controversy must exist between the parties; second, the controversy must be justiciable in character; and third, speedy relief is necessary to preserve the rights of the parties. American Life Accident Ins. Co. v. Jones (1949), 152 Ohio St. 287, 296, 89 N.E.2d 301; Burger Brewing Co. v. Liquor Control Comm. (1973), 34 Ohio St.2d 93, 97, 296 N.E.2d 261. For a real controversy to exist, it is not necessary for appellees to violate the regulation in question as long as there is a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Id. at 97.
 In determining whether a controversy is justiciable in character, the following two-fold test has been developed:
 "* * * First to determine whether the issues tendered are appropriate for judicial resolution, and second to assess the hardship to the parties if judicial relief is denied at that stage." See Toilet Goods Assn. v. Gardner (1967), 387 U.S. 158, 162, 18 L.Ed.2d 697, 87 S.Ct. 1520.
I conclude that appellant fails the entire test. First, a decision on the merits will not terminate the controversy, and second, the decision will not be binding on any criminal action in the future.
 Any future criminal prosecutions cannot be subject to injunctive relief if the gambling laws are constitutional and there exists otherwise valid defenses to future charges. * * * As we have indicated in the pending criminal cases and in any criminal cases which may arise in the future, the full panoply of an accused's constitutional and statutory rights would be available to the club, its officers and its members.
(citations and quotations omitted.) Id. See, also, Troy Amusement Co. v.Attenweiler (1940), 137 Ohio St. 460; South Shore Social Club v. State
(July 23, 1986), Lorain App. No. 3997, unreported.
 The futility of resorting to equity to determine whether certain or uncertain facts constitute crime is apparent when we consider the different measure of proof in criminal and civil cases. * * * Should equity hold that no offense had been committed, it would not be binding where the subsequent proof varied. In the meantime the applications for injunctions staying the criminal trials * * * would disrupt the prosecutions for crime and we would have more delay than at present. * * * There is no need nor necessity for a resort to a trial in Equity to determine whether a scheme or device is gambling within the Penal Law. * * * No doubt criminal prosecutions are always annoying and may disarrange the defendants' income and finances but never yet has this been sufficient to change the usual and customary course of prosecutions for crime. The declaratory judgment has proved and no doubt is a useful procedure, but its usefulness will soon end when its advocates seek to make it a panacea for all ills, real or imaginary.
(emphasis in original.) (citations and quotations omitted.) Helpthe Children, supra.
I would affirm the trial court.