[Cite as *State v. Gaeth*, 2022-Ohio-2906.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                         Court of Appeals No.  WD-21-075

　　　　Appellee                                   Trial Court No.  21CR0050

v.

Christopher Gaeth                              **DECISION AND JUDGMENT**

　　　　Appellant                                 Decided:  August 19, 2022

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**ZMUDA, J**

## I.　　　Introduction

{¶ 1} Appellant, Christopher Gaeth, appeals the judgment of the Wood County

Court of Common Pleas, sentencing him to community control and requiring him to

register as an arson offender for 10 years.  Finding no error, we affirm.

## A. Facts and Procedural Background

{¶ 2} On November 22, 2020, appellant was charged with arson in violation of R.C. 2909.03(B)(3), a felony of the fourth degree. On May 17, 2021, appellant pleaded guilty to, and was found guilty of, arson in violation of R.C. 2909.03(B)(3). On July 12, 2021, the trial court sentenced appellant to a two-year term of community control and imposed the costs of the arson investigation. Based on the recommendation of the prosecutor and investigating law enforcement agency, the trial court ordered appellant to register as an arson offender for 10 years. At sentencing, appellant voiced a challenge to the constitutionality of the arson registry.

## B. Assignments of Error

{¶ 3} On appeal, appellant assigns the following error for our review:

The arson offender registry is unconstitutional because it is not rationally related to a legitimate governmental interest.

## II.    Analysis

{¶ 4} In his assignment of error, appellant argues that the arson offender registry violates the Equal Protection Clause because it is not rationally related to a legitimate governmental interest. Appellant asserts a facial challenge to the statute, requiring a showing beyond a reasonable doubt that R.C. 2909.15 is unconstitutional, with no conceivable basis to support the law. *See State v. Mole,* 149 Ohio St.3d 215, 2016-Ohio-5124, 74 N.E.3d 368, ¶ 11. "Facial challenges to the constitutionality of a statute are the

2.

most difficult to mount successfully, since the challenger must establish that no set of circumstances exists under which the act would be valid." *Wymslo v. Bartec, Inc.,* 132 Ohio St.3d 167, 2012-Ohio-2187, 970 N.E.2d 898 ¶ 21, citing *United States v. Salerno,* 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); *see also State v. Eaton,* 6th Dist. Lucas No. L-21-1121, 2022-Ohio-2432, ¶ 20, citing *State v. Lowe,* 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 17.

{¶ 5} Whether a statute is constitutional presents a question of law, subject to de novo review. (Citations omitted) *State v. Towns,* 6th Dist. Williams No. WM-19-023, 2020-Ohio-5120, ¶ 38, *appeal allowed*, 161 Ohio St.3d 1449, 2021-Ohio-534, 163 N.E.3d 586.  In considering the challenge, we presume the constitutionality of the law, with the party challenging the law bearing a "heavy burden" in attempting to overcome the presumption of validity. (Citations omitted)  *Dayton v. State,* 151 Ohio St.3d 168, 2017-Ohio-6909, 87 N.E.3d 176, ¶ 12.

{¶ 6} Appellant challenges the arson offender registry, arguing it violates the Equal Protection Clause.  The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution provides:

> No State shall make or enforce any law which shall abridge the
>
> privileges or immunities of citizens of the United States; nor shall
>
> any State deprive any person of life, liberty, or property, without due

3.

process of law; nor deny to any person within its jurisdiction the

equal protection of the laws.

*McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, ¶ 6. "Simply stated, the Equal Protection Clauses require that individuals be treated in a manner similar to others in like circumstances." *Id.* at ¶ 6.

**{¶ 7}** "The federal Equal Protection Clause does not prohibit a legislature from creating laws that treat a group of people differently from others outside the group. But it does prohibit different treatment based on criteria that are unrelated to the purpose of the law." *Mole* at ¶ 24, citing *Johnson v. Robison,* 415 U.S. 361, 374, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974); *State ex rel. Doersam,* 45 Ohio St.3d 115, 119-120, 543 N.E.2d 1169 (1989). "The state does not bear the burden of proving that some rational basis justifies the challenged legislation; rather, the challenger must negative every conceivable basis before an equal protection challenge will be upheld." (Citation omitted) *State v. Williams,* 88 Ohio St.3d 513, 531, 728 N.E.2d 342 (2000).

**{¶ 8}** In considering an equal-protection challenge, the level of scrutiny depends on the rights at issue. *Pickaway Cty. Skilled Gaming, LLC v. Cordray,* 127 Ohio St.3d 104, 2010-Ohio-4908, 936 N.E.2d 944, ¶ 18. Where no fundamental right or suspect classification is at issue, a statute must only be rationally related to a legitimate government interest to survive scrutiny. *Id.,* citing *State v. Williams,* 126 Ohio St.3d 65, 2010-Ohio-2453, 930 N.E.2d 770, ¶ 39, citing *Eppley v. Tri-Valley Local School Dist.*

4.

*Bd. of Edn.,* 122 Ohio St.3d 56, 2009-Ohio-1970, 908 N.E.2d 401, ¶ 15; *See also Mole* at ¶ 25 (to be a lawful, the "classification must rest upon some ground of difference having a fair and substantial relation to the object of the legislation[.]") (Citations omitted.).

{¶ 9} Appellant claims neither a suspect class nor a fundamental right in raising an equal protection challenge to the registry requirement. Therefore, we review the arson offender registry by applying the "rational-basis" test, and will uphold the law "if it is rationally related to a legitimate governmental purpose." *Mole* at ¶ 26, citing *State v. Peoples,* 102 Ohio St.3d 460, 2004-Ohio-3923, 812 N.E.2d 963, ¶ 7 (additional citations omitted.). While a legislature need not "justify or even state its reasons for making a particular classification," the rational-basis test requires a rational relationship between the classification and the governmental interest, or reasonable grounds to draw the distinction. *Mole* at ¶ 28, citing *Holeton v. Crouse Cartage Co.,* 92 Ohio St.3d 115, 131, 748 N.E.2d 1111 (2001).

{¶ 10} In this case, R.C. 2909.15 was enacted to provide a tool for law enforcement. *See* R.C. 2909.15(E). It is a tool "created for, maintained by, and available only to arson investigators and law enforcement. The arson offender registry thus by design is a regulatory scheme with a rational connection to a non-punitive purpose." *State v. Galloway*, 2015-Ohio-4949, 50 N.E.3d 1001, ¶ 25 (5th Dist.). Appellant, however, argues no rational relation to a legitimate governmental interest because it is not

5.

available to the public. This is based on appellant's incorrect assumption that the purpose of a valid registry is to warn the public of a dangerous person.

{¶ 11} Appellant's argument, premised on an incorrect assumption, lacks merit and fails to address the purpose of the law as an investigatory tool. *See* R.C. 2909.15(E). Moreover, even though the arson offender registry is not available to the public, its use by law enforcement and first responders promotes public safety. Thus, appellant's challenge, based on a lack of public disclosure, fails to demonstrate a lack of any rational relation to public safety and does not negate the purpose of R.C. 2909.15.

{¶ 12} The Ohio Supreme Court has considered the purpose of offender-registration law in the context of the violent offender registry mandated under Sierah's Law, R.C. 2903.43(F)(2). The Court found that "[b]y establishing a violent-offender database that is accessible only by law enforcement and not by the broader community, Sierah's Law evinces the public-safety purpose to collect information about violent offenders and facilitate its being shared with investigative authorities at the federal, state, and local levels." *State v. Hubbard,* 167 Ohio St.3d 77, 2021-Ohio-3710, 189 N.E.3d 720, ¶ 32. Because the registration requirements are not "excessive in relation to the regulatory purpose of allowing law enforcement to know the location and description of violent offenders in order to ensure public safety," the Court found those requirements reasonable for the intended purpose, when weighed against the risks posed by recidivism among violent offenders as a class. *Id.* at ¶ 40-41.

6.

{¶ 13} We find the reasoning in *Hubbard* applicable to the non-public offender registry at issue here. "[T]he arson offender registry 'allows law enforcement officials to remain vigilant about possible recidivism by arson offenders' and, thus, 'objectively serves the remedial purpose of protecting the local community from repeat arson offenders.'" *State v. Daniel,* 2022-Ohio-1348, 188 N.E.3d 671, ¶ 24 (6th Dist.), quoting *State v. Reed*, 2014-Ohio-5463, 25 N.E.3d 480, ¶ 79 (11th Dist.).

{¶ 14} The legitimate state interest of the arson offender registry is to provide a tool to law enforcement and protect the public from harm, and it serves that purpose regardless of public access. A private registry for law enforcement and first responders is rational and advances the legitimate state interest of protecting the public. Appellant's sole assignment of error, accordingly, is not well-taken.

### III. Conclusion

{¶ 15} In light of the foregoing, the judgement of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                               _____
                                                          JUDGE

Christine E. Mayle, J.

                                                           _____

Gene A. Zmuda, J.                                    JUDGE
CONCUR.

                                                           _____
                                                             JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.